Todd Maybrown (WSBA #18557)
Todd@ahmlawyers.com
ALLEN, HANSEN, MAYBROWN & OFFENBECHER PS
600 University Street, Suite 3020
Seattle, WA  98101
Telephone: (206) 447-9681
Facsimile: (206) 447-0839

Hon. Jamal N. Whitehead

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JOHN RYAN,<br><br>　　　　　Defendant. | NO. CR24-213-JNW<br><br>DEFENDANT JOHN RYAN'S SENTENCING MEMORANDUM |

**INTRODUCTION**

The defendant, John Ryan, is 40 years of age.  Although Mr. Ryan faced a chaotic upbringing and difficult childhood, he has no criminal history of any kind.  In fact, before participating in the conduct that forms the basis for this prosecution, Mr. Ryan led an admirable and productive life.

However, between 2016 and 2023, Mr. Ryan agreed to accept payments – as purported "salary" – from a company he was no longer working for.[1]  Mr. Ryan's conduct was selfish,

---

[1] Mr. Ryan engaged in a criminal conspiracy, were provided with the assistance and encouragement of co-defendant Amanda McAfee-Ryan, who managed the victim company. Mr. Ryan and Ms. McAfee-Ryan have similar names; but this is a coincidence as they are not related.  Mr. Ryan and Ms. McAfee-Ryan were engaged in a romantic relationship during the

DEFENDANT'S SENTENCING MEMORANDUM – 1
(United States v. Ryan, No. CR24-00213-JNW)

Allen, Hansen, Maybrown
& Offenbecher, P.S.
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

and he recognizes the harm he caused to his victims (and others). Consequently, Mr. Ryan pled guilty to conspiracy to commit wire fraud.

The parties have agreed to jointly recommend a sentence of 4 years of probation in this case. Such a sentence is "sufficient, but not greater than necessary" to meet all the 18 U.S.C. § 3553 sentencing factors in this case. The recommended sentence is just given Mr. Ryan's offense conduct – and particularly so considering his background and the mental health struggles he has faced in recent years. This joint recommendation is further justified by the recognition that the co-defendant, Amanda McAfee-Ryan, was the more culpable party in this offense.

## BACKGROUND

### A. PERSONAL HISTORY

John Ryan was born in Seattle, Washington. Mr. Ryan's natural father was abusive towards both Mr. Ryan and Mr. Ryan's mother and Mr. Ryan's parents separated when he was a young child. *See PSR ¶ 62*. Mr. Ryan's mother remarried shortly after the dissolution of that relationship.

Mr. Ryan's stepfather was a part of Mr. Ryan's life for the next decade. *See PSR ¶ 63*. This time, too, was turbulent as Mr. Ryan's mother and stepfather were abusing alcohol and illegal drugs. Mr. Ryan's stepfather was also abusive – both physically and verbally – towards Mr. Ryan. [2] Adding to the turmoil at home was the fact that Mr. Ryan's stepfather was also

---

course of the conspiracy, but Mr. Ryan has had no contact with Ms. McAfee-Ryan in recent years.

[2] Unfortunately, Mr. Ryan was also abused by an older child in the neighborhood. *See PSR ¶ 63*.

*DEFENDANT'S SENTENCING MEMORANDUM – 2*
*(United States v. Ryan, No. CR24-00213-JNW)*

Allen, Hansen, Maybrown
& Offenbecher, P.S.
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

involved in other criminal activities. The family moved to New York in 1989 and then to Washington in 1992. The reasons for these moves are unknown to Mr. Ryan. *See id.*

Following the move to Washington, Mr. Ryan's family initially lived in the SeaTac area. Mr. Ryan's mother and stepfather remained together until Mr. Ryan reached the age of 12 when they separated. Mr. Ryan and his mother relocated to Kettle Falls. Adjusting to a new area was difficult and Mr. Ryan was bullied by other children at school. *See PSR ¶ 64.* In addition to these challenges, Mr. Ryan was homeless for a period of time before he was able to move into a friend's home. Despite these several impediments, Mr. Ryan was able to succeed in school. *See id.*

In 2003, after graduating from Kettle Falls High School, Mr. Ryan moved to Colville, Washington. For the next several years, he worked at a variety of retail-oriented jobs. *See PSR ¶ 65.* Mr. Ryan resided by himself before meeting his current partner. Then, after completing all necessary prerequisites at Spokane Community College, Mr. Ryan enrolled at Eastern Washington University. In 2013, Mr. Ryan obtained his BA degree in Dental Hygiene. *See PSR ¶ 84.*

Upon graduating from college, Mr. Ryan worked as a dental hygienist in the Seattle area. In 2014, Mr. Ryan began to experience significant pain in his hands due to carpal tunnel syndrome. Mr. Ryan was prescribed a variety of pain medications – including Oxycodone – to combat this condition (and to allow him to continue work as a dental hygienist). Unfortunately, Mr. Ryan's life and circumstances spiraled as he became dependent upon these medications. *See PSR ¶ 66.* Eventually, Mr. Ryan sought out means to obtain pain medications illegally, and this is when he began committing the acts in the instant offense. *See id.*

DEFENDANT'S SENTENCING MEMORANDUM – 3
(*United States v. Ryan*, No. CR24-00213-JNW)

Allen, Hansen, Maybrown
& Offenbecher, P.S.
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

**B. OFFENSE CONDUCT**

Beginning in the fall of 2014, Mr. Ryan worked as a temporary hygienist at the primary victim's office. Mr. Ryan met the office manager, Ms. McAfee-Ryan, soon after starting work for that office. Mr. Ryan and Ms. McAfee-Ryan became involved in a romantic relationship while Mr. Ryan was working in that temporary position.

In 2016, Mr. Ryan lost his position at another dentist's office. *See PSR ¶ 67.* Ms. McAfee-Ryan then informed Mr. Ryan she could hire him as a full-time employee at the primary victim's office. And, shortly thereafter, Mr. Ryan began receiving a salary even though he had last worked at the office in 2015. Mr. Ryan initially thought this arrangement would be temporary, but it soon became clear he would continue receiving a salary even though he was not called in to work at the primary victim's office. Mr. Ryan's conduct was wrongful – and Mr. Ryan acknowledges he should have taken steps to terminate this arrangement because he was not entitled to receive a salary from the primary victim. *See PSR ¶ ¶ 67-68.* Mr. Ryan used terrible judgment and continued to accept payments for several years as he came to rely upon these payments to cover daily living expenses and for investment purposes.

Mr. Ryan is deeply remorseful for his conduct. He recognizes the harm he caused to the primary victim (as well as others who worked in the office), and that he let down his family and friends. And perhaps most significantly, Mr. Ryan is dismayed he continued to accept this unearned salary for so many years. Mr. Ryan offers no excuses or justifications for his conduct.

**C. PROCEDURAL HISTORY**

On November 5, 2024, the Government filed a Felony Information charging Ms. McAffee-Ryan and Mr. Ryan with the crime of conspiracy to commit wire fraud. *See Dkt. 1.* Shortly thereafter, on November 19, 2024, Mr. Ryan pled guilty to the charged offense pursuant to a Plea

DEFENDANT'S SENTENCING MEMORANDUM – 4
(United States v. Ryan, No. CR24-00213-JNW)

Allen, Hansen, Maybrown
& Offenbecher, P.S.
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

Agreement. *See Dkt. 17*. Mr. Ryan admits that, with the assistance of Ms. McAfee-Ryan, he obtained salary payments and employee benefits when he was no longer working for the primary victim. *See id.* at ¶ 9. Between 2016 and 2023, these payments totaled $780,150.80. *See id.* at ¶ 9.n.

As part of this resolution, the parties have agreed to jointly recommend a sentence of four years of probation. With the imposition of such a sentence, Mr. Ryan is hoping to continue at work and to repay all funds he received from the primary victim.[3]

## DISCUSSION

### A. THE ADVISORY GUIDELINES RANGE IS UNREASONABLE

The parties have agreed upon the advisory guideline calculations. *See PSR* ¶¶ 42-52. Based upon a total offense level of 16 and a criminal history category of I, the advisory guideline range is 21 to 27 months. *See PSR* ¶ 94.[4] As discussed further below, this advisory range is out of sync and the parties have agreed to jointly recommend a sentence of probation. In addition to the parties, the United States Probation Office has recommended a sentence below the advisory guideline range.

### B. MR. RYAN'S PERSONAL HISTORY AND CIRCUMSTANCES CALL OUT FOR A SENTENCE BELOW THE ADVISORY GUIDELINES RANGE

Pursuant to 18 U.S.C. § 3553(a)(1), in arriving at a sentence that is "sufficient but not greater than necessary" to comply with the purposes of federal sentencing, the Court "should

---

[3] Mr. Ryan is currently working at two dental offices. It is unclear whether he will be permitted to retain his license in light of this conviction.

[4] Notably, Mr. Ryan's advisory guideline range is significantly lower than the guideline range calculated for Ms. McAffee-Ryan.

*DEFENDANT'S SENTENCING MEMORANDUM – 5*
*(United States v. Ryan, No. CR24-00213-JNW)*

Allen, Hansen, Maybrown
& Offenbecher, P.S.
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

consider the nature and circumstances of the offense and ***the history and characteristics of the defendant***." *Id.* (emphasis added).

The defense has received several letters of support from members of this community. A representative sample of these letters has been submitted with this memorandum. *See Appendix A*. The letters describe Mr. Ryan as kind, generous, and honest. Perhaps not surprisingly, the supporters were shocked to learn of Mr. Ryan's involvement in this offense conduct.

Mr. Ryan endured terrible circumstances during his childhood. Thus, as noted by the United States Probation Office, Mr. Ryan presents with an elevated ACEs score. *See PSR ¶ 79* (documenting an ACEs score of 8).[5] It is apparent this upbringing has had a lasting impact on Mr. Ryan both emotionally and cognitively. Notwithstanding these many challenges, Mr. Ryan was able to complete high school and college. And he subsequently obtained a license to work as a dental hygienist.

Throughout much of his life, Mr. Ryan has been hardworking and industrious. But these events have had a profound impact on Mr. Ryan's life, and he has been humbled. Moreover, as noted in the attached sealed records (*Appendix B*), Mr. Ryan has suffered from various mental health conditions during his lifetime. These conditions are being treated with medications and therapeutic interventions. Mr. Ryan is currently doing well; and he has remained sober – and drug free – since September 2024.

---

[5] Adverse Childhood Experiences (ACEs) are traumatic events involving abuse, neglect, and household dysfunction that occur during childhood (prior to age 18).

DEFENDANT'S SENTENCING MEMORANDUM – 6
(*United States v. Ryan*, No. CR24-00213-JNW)

Allen, Hansen, Maybrown
& Offenbecher, P.S.
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

**C. THIS COURT SHOULD IMPOSE A SENTENCE OF PROBATION**

In arriving at a sentence that is "sufficient but not greater than necessary" to comply with the purposes of federal sentencing, the Court needs to consider the sentencing factors in § 3553(a). To be sure, Mr. Ryan has committed a serious offense. And this conviction, in itself, will have a profound impact on Mr. Ryan's life. When considering the unusual circumstances surrounding the offense coupled with Mr. Ryan's personal circumstances, this Court is urged to adopt the joint recommendation of the parties.

Mr. Ryan has no prior criminal history of any type, and he poses the lowest possible risk of recidivism. As Mr. Ryan's partner has explained:

> I can tell you without a shadow of doubt, John will never reoffend. This is not who he was meant to be. I am not talking about just what he is being charged for, it's bigger than that. I am speaking about his soul, the essence and core of his being. The person he has been for too long, that's not who he was meant to be, he knows that. Despite how we got here to this place today and what that looks like, if you were to have met John outside this situation you would know that too. He is sensitive, funny and smart. He has an energy that pulls people into his gravity - he was always meant to shine. I hope that he continues to show the world his light, it's a better place when he does.

*Appendix A* (Letter of Sara Dicey at 3).

The prosecution and conviction provides more than adequate deterrence for Mr. Ryan and anyone who might engage in these types of activities. Mr. Ryan has also agreed to pay full restitution and to forfeit considerable property, which should act as an additional deterrent to the public at large.

As noted by the Supreme Court in *Gall,* this Court should impose the **_lowest_** possible sentence that provides sufficient punishment, deterrence, and recognition of rehabilitation. *See Gall v. United States,* 552 U.S. 38, 46, n.2 (2007) (*citing* 18 U.S.C. § 3553(a)). A sentence of probation for four years is reasonable, as it will fairly account for Mr. Ryan's personal

*DEFENDANT'S SENTENCING MEMORANDUM – 7*
*(United States v. Ryan, No. CR24-00213-JNW)*

Allen, Hansen, Maybrown
& Offenbecher, P.S.
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

circumstances and lack of criminal history. The recommended sentence will not lead to unwarranted sentence disparities and will fully satisfy the sentencing purposes set forth in 18 U.S.C. § 3553(a)(2).

## CONCLUSION

This offense, and Mr. Ryan's conduct, represents a tremendous failure on his part. That said, Mr. Ryan has accepted responsibility for his conduct, he is sincerely remorseful for what he has done, he will never do anything like this again, and he can still be a valuable and contributing member of this community. The defense submits that a sentence of probation for four years is sufficient but not greater than necessary to achieve all goals of federal sentencing and fundamental fairness.

DATED: May 27, 2025           Respectfully submitted,

/s/Todd Maybrown
TODD MAYBROWN
Allen, Hansen, Maybrown & Offenbecher, PS
600 University Street, Suite 3020
Seattle, WA 98101
Email: todd@ahmlawyers.com
Telephone: (206) 447-9681

*DEFENDANT'S SENTENCING MEMORANDUM – 8*
*(United States v. Ryan, No. CR24-00213-JNW)*

**Allen, Hansen, Maybrown & Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

**CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2025, I electronically filed the above document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

DATED at Seattle, Washington this 27th day of May, 2025.

/s/ Alexandra Rosenthal
Alexandra Rosenthal, Legal Assistant

DEFENDANT'S SENTENCING MEMORANDUM – 9
(United States v. Ryan, No. CR24-00213-JNW)

Allen, Hansen, Maybrown
& Offenbecher, P.S.
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681